**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHRISTOPHER LEMAR HERNANDEZ,

     Plaintiff,

v.                                    No. 1:26-cv-00499-KG-JFR

ALICIA ORTIZ and
VINCE CRESPIN,

     Defendants.

**ORDER DENYING MOTION**
**FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 4, filed February 19, 2026 ("Motion").

Plaintiff allege that his "truck and work tools were nonconsensually towed from private property" and that his "vehicle [is] currently held by ABQ 24-Hour Towing LLC." Complaint at 8; Emergency Motion for Temporary Restraining Order and Preliminary Injunction at1, Doc. 4, filed February 19, 2026. Defendants are employees of the Transportation Regulation Bureau, New Mexico Department of Transportation. Plaintiff alleges: (i) the "tow authorization documentation was facially non-compliant with NMAC 18.3.12.14;" (ii) Plaintiff provided Defendants with documentation demonstrating the alleged violations and met with Defendants who reviewed the regulation and complaint; and (iii) Defendants "refused to perform mandatory enforcement duties required by New Mexico Administrative Code 18.3.12.14, thereby allowing the unlawful seizure and continued deprivation of Plaintiff's vehicle and work tools." Complaint at 7-8. The regulation cited by Plaintiff sets forth the authorization and procedure for moving motor vehicles by a towing service; the regulation does not set forth mandatory enforcement requirements. *See* N.M.A.C.

§ 18.3.12.14.  Plaintiff asserted claims for unreasonable seizure of Plaintiff's property and for denial of procedural due process.  *See* Complaint at 9.

Plaintiff seeks a temporary restraining order and preliminary injunction "preventing the sale, transfer, destruction, or disposal of Plaintiff's vehicle currently held by ABQ 24-Hour Towing LLC pending resolution of this action" and ordering ABQ 24-Hour Towing LLC and any persons acting in concert with it to "Not [] sell, auction, transfer, destroy, alter, or dispose of Plaintiff's vehicle" and "to preserve the vehicle and all contents."  Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction at 1, 5, Doc. 4, filed February 19, 2026 ("Motion"); *see also* Complaint at 1 (ABQ 24-Hour Towing LLC is not named as a Defendant); Fed. R. Civ. P. 65(d)(2) (an injunction and restraining order only bind the parties, the parties' agents and other persons who are in active concert or participation with the parties and their agents).

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

> Because a preliminary injunction is an "extraordinary remedy never awarded as of right," *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008), the movant must make a "clear and unequivocal" showing it is entitled to such relief, *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)). To obtain a preliminary injunction, the movant must show (1) it "is substantially likely to succeed on the merits," (2) it "will suffer irreparable injury if the injunction is denied," (3) its "threatened injury outweighs the injury the opposing party will suffer under the injunction," and (4) "the injunction would not be adverse to the public interest." *New Mexico Dep't of Game & Fish*, 854 F.3d at 1246 (quoting *Fish*, 840 F.3d at 723).

*Colorado v. U.S. Environmental Protection Agency*, 989 F.3d 874, 883-84 (10th Cir. 2021).  ("*Each* of these elements is a prerequisite for obtaining a preliminary injunction." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (emphasis added).

The Court denies Plaintiff's Motion for a temporary restraining order and preliminary injunction.  First, Plaintiff has not certified in writing any efforts he made to give notice to Defendants and the reasons why notice should not be required.

Second, Plaintiff has not made a clear and unequivocal showing that he will suffer irreparable injury if the injunction is denied.  Plaintiff states "once sold, the property cannot be recovered and damages would be inadequate because the vehicle contains tools and work equipment, it is necessary for Plaintiff's livelihood, unique property will be permanently lost [and] evidence in this case would be destroyed."  Motion at 2.  Plaintiff also states "courts recognize loss of unique personal property constitutes irreparable harm."  Motion at 2.  Plaintiff does not, however, explain why monetary or other legal remedies are inadequate for the loss of his truck, tools, work equipment and income.  *See* D.N.M.LR-Civ. 7.1(a) ("A motion must . . . state with particularity the grounds [for] the relief sought"); *First Western Capital Mgmt Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) ("A party may be granted a preliminary injunction only when monetary or other traditional legal remedies are inadequate"); *Ditucci v. Bowser*, 985 F.3d 804, 811 (10th Cir. 2021) ("it is well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm [because] such losses are compensable by monetary damages").  Plaintiff also does not describe the "unique property" or cite any legal authority for the proposition that "loss of unique personal property constitutes irreparable harm."  *See* D.N.M.LR-Civ. 7.3(a) ("A motion . . . must cite authority in support of the legal positions").

Third, Plaintiff has not made a clear and unequivocal showing that he is substantially likely to succeed on the merits on his claims for unreasonable seizure and denial of due process.  There

are no allegations showing that Defendants seized Plaintiff's property. Plaintiff states he met with Defendants regarding the towing of his truck and tools but has not alleged facts regarding the appropriate level of process that Plaintiff was entitled to or that Defendants deprived Plaintiff of property without engaging in fair procedures. *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (10th Cir. 2022) (The Court "asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?"). Furthermore, Plaintiff has not alleged facts showing that the unspecified enforcement duties are mandatory or that Defendants deprived Plaintiff of a federally protected right by declining to initiate enforcement of a state law. *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law"); *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

IT IS ORDERED that Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 4, filed February 19, 2026, is **DENIED.**

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.