IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER LEMAR HERNANDEZ,

        Plaintiff,

v.                                           No. 1:26-cv-00499-KG-JFR

ALICIA ORTIZ and
VINCE CRESPIN,

        Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

*Pro se* Plaintiff alleged that his "truck and work tools were nonconsensually towed from private property" and that his "vehicle [is] currently held by ABQ 24-Hour Towing LLC."  Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 8, Doc. 1, filed February 19, 2026 ("Complaint"); Emergency Motion for Temporary Restraining Order and Preliminary Injunction at1, Doc. 4, filed February 19, 2026.  Defendants are employees of the Transportation Regulation Bureau, New Mexico Department of Transportation.  Plaintiff alleged: (i) the "tow authorization documentation was facially non-compliant with NMAC 18.3.12.14;" (ii) Plaintiff provided Defendants with documentation demonstrating the alleged violations and met with Defendants who reviewed the regulation and complaint; and (iii) Defendants "refused to perform mandatory enforcement duties required by New Mexico Administrative Code 18.3.12.14, thereby allowing the unlawful seizure and continued deprivation of Plaintiff's vehicle and work tools." Complaint at 7-8.  The regulation cited by Plaintiff sets forth the authorization and procedure for moving motor vehicles by a towing service; the regulation does not set forth mandatory enforcement requirements.  *See* N.M.A.C. § 18.3.12.14.  Plaintiff asserted claims for unreasonable seizure of Plaintiff's property and for denial of procedural due process.  *See* Complaint at 9.

United States Magistrate Judge John F. Robbenhaar notified Plaintiff that the Complaint failed to state claims for unreasonable seizure and denial of due process because there are no allegations showing that (i) Defendants seized Plaintiff's property; (ii) Defendants deprived Plaintiff of property without providing the appropriate level of process or engaging in fair procedures; and (iii) the unspecified enforcement duties are mandatory or that Defendants deprived Plaintiff of a federally protected right in declining to initiate enforcement of a state law. *See* Order to Show Cause at 3, Doc. 6, filed February 23, 2026.  Judge Robbenhaar ordered Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim and to file an amended complaint. *See* Order to Show Cause at 6 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case).  Plaintiff did not show cause or file an amended complaint by the March 16, 2026, deadline.

The Court dismisses this case without prejudice because Plaintiff has not complied with Judge Robbenhaar's Order to show cause and file an amended complaint.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

IT IS ORDERED that this case is **DISMISSED without prejudice.**

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE
- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

2